IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIXIS DRONES, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>LUMENIER LLC and LUMENIER HOLDCO LLC,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 1:23-cv-00141-RGA<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' MOTION FOR EXPEDITED DISCOVERY AND TO SET BRIEFING SCHEDULE ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Defendants Lumenier LLC ("Lumenier") and its parent corporation Lumenier Holdco LLC (together, the "Defendants") respectfully move this Court for an Order in the form annexed hereto, permitting expedited discovery on Plaintiff Pixis Drones, LLC's ("Pixis" or "Plaintiff") Motion for Preliminary Injunction ("PI Motion") (D.I. 18) and setting a coordinated briefing schedule for the PI Motion and a Motion to Dismiss the Amended Complaint to be filed by the Defendants (the "MTD").

### INTRODUCTION

1. This lawsuit relates to a routine commercial transaction gone awry. Plaintiff puts on light shows using drones. Defendant Lumenier manufactures drones and does not perform light shows. Pixis and Lumenier entered into an agreement pursuant to which Lumenier would develop a new light show drone for Pixis. The parties contest what happened during the development process, but in December 2022, Lumenier terminated the contract with Pixis due to material breaches of the contract by Pixis. Shortly thereafter, Lumenier filed suit for breach of contract in state court in Florida.

2. Pixis responded by filing this lawsuit against the Defendants alleging breach of the same contract at issue in the Florida litigation, but adding additional state law causes of action and, important to this motion, a cause of action for violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 ("DTSA"), despite failing to set out in the Complaint any facts (other than *ipse dixit*) that would establish the existence of any trade secrets. Plaintiff's cause of action for violation of the DTSA is the sole basis for jurisdiction in this Court.

3. Defendants intend to file a Motion to Dismiss on the grounds that, among other reasons, Plaintiff has failed to plead a cause of action for violation of the DTSA, which, if granted, deprives this Court of jurisdiction. Before the Defendants could file their MTD, however, Pixis filed its PI Motion seeking to stop Lumenier from selling any light show drones during the pendency of this lawsuit. With this Motion, Defendants seek to obtain expedited discovery from Pixis relating to the PI Motion and to set a coordinated schedule for the briefing of Plaintiff's PI Motion and Defendants' MTD. In support of this motion, Defendants state as follows:

## FACTUAL BACKGROUND

4. On December 20, 2022, Lumenier LLC filed an action against Pixis in the Circuit Court for the Twelfth Judicial Circuit in and for Sarasota County, Florida (Case No. 2022 CA 05853 NC), asserting claims for breach of contract, declaratory relief and damages (the "Florida Action") (D.I. 11-1).

5. On February 7, 2023, Plaintiff filed the original Complaint in this Court (D.I. 2) asserting claims for misappropriation of trade secrets, breach of contract and breach of the implied covenant of good faith and fair dealing. The only basis for federal question jurisdiction was a cause of action for violation of the DTSA.

6. On February 22, 2023, the parties entered into a stipulation extending Defendants' time to respond to the original Complaint until March 30, 2023. Similarly, Defendants granted an extension of time to Pixis to respond to the Complaint (as amended) in the Florida Action.

7. On March 16, 2023, without any prior notice to Defendants, Plaintiff filed its PI Motion in this action, together with an opening brief (D.I. 18) and two lengthy affidavits with a combined total of 31 exhibits (D.I. 19 and 20). The PI Motion seeks to stop Defendants from selling any of its light show drones until the litigation is resolved. It is predicated upon only one of the causes of action in the Complaint, a state law breach of contract cause of action alleging Defendants' purported breach of a purchase order submitted by Plaintiff to Lumenier LLC.

8. Also on March 16, 2023, and again without any prior notice to Defendants, Plaintiff filed a Motion for Leave to File an Amended Complaint (D.I. 21). After filing the Motion for Leave, Plaintiff asked Defendants whether they would oppose it. On March 17, 2023, Defendants advised Plaintiff that they would not oppose the Motion for Leave.

9. On March 20, 2023, Plaintiff filed the Amended Complaint (D.I. 23). The only basis for federal question jurisdiction is a cause of action for violation of the DTSA.

10. On Sunday, March 19, 2023, counsel for the parties held a meet and confer by Zoom to discuss the scheduling of Plaintiff's PI Motion and related issues. Defendants advised Plaintiff that they wanted to conduct discovery relating to the PI Motion, including taking the depositions of both of Plaintiff's declarants. Defendants also advised Plaintiff that they intended to file the MTD on or before March 31, 2023, which, if granted, would moot the PI Motion. The fact of the matter is that the MTD would leave the Court without jurisdiction to consider the PI Motion. *See Park Lawn Corp. v. PlotBox, Inc.*, 2021 WL 3490020, at *2 (D. Del. Aug. 9, 2021) (Andrews, J.).

11. Given the fact that the MTD must be determined before the Court can adjudicate the Plaintiff's PI Motion, Defendants proposed the following schedule for expedited discovery on the PI Motion and for briefing on the MTD and PI Motion:

(a) **March 31**: Defendants file MTD;

(b) **April 14**: Plaintiff files Opposition to MTD;

(c) **April 21**: Defendants file Reply in support of MTD;

(d) Should the Court decide to schedule oral argument on the MTD, then a hearing will be held as soon thereafter as the Court will allow;

(e) **March 27**: Defendants propound document production requests to Plaintiff relevant to the PI Motion;

(f) **April 3**: Plaintiff begins production of documents relevant to the PI Motion;

(g) **Week of April 17**: Defendants depose Plaintiff's declarants;

(h) If the MTD is granted, then the Court lacks jurisdiction over this case and cannot adjudicate the PI Motion;

(i) If the MTD is denied, then five (5) business days after Court denies the MTD, Defendants file Opposition to PI Motion;

(j) Seven (7) business days after Defendants file Opposition to PI Motion, Plaintiff files Reply in support of PI Motion;

(k) Hearing on PI Motion as soon thereafter as the Court will allow.

12. During the meet and confer on March 19, 2023, Plaintiff's counsel advised Defendants' counsel that it would take under advisement the foregoing proposed schedule.  On March 21, 2023, Plaintiff's counsel acknowledged that discovery should be undertaken in connection with the PI Motion and that such discovery would require an extension of the briefing schedule for the PI Motion.  However, Plaintiff's counsel rejected producing its declarants for deposition and insisted that document discovery should be limited to one narrow issue.  Second,

4

Plaintiff's counsel wholly ignored the Defendants' planned MTD and the necessity of the Court ruling on it prior to adjudicating the PI Motion.

## ARGUMENT

13. An Order permitting expedited discovery on the PI Motion and setting a briefing schedule on Defendants' forthcoming MTD is warranted because: (a) Defendants require limited document discovery relating to the PI Motion and depositions of Plaintiff's two declarants, Mr. Nierenberg and Mr. Guy, in order to properly respond to the PI Motion's allegations of irreparable harm and likelihood of success; (b) Defendants cannot accomplish the discovery needed and fully respond to the PI Motion within the time frame set by the Local Rules, namely, on or before March 30, 2023; and (c) Defendants' MTD, if granted, will deprive the Court of jurisdiction in this case and prevent the Court from adjudicating the PI Motion; therefore, the MTD should be briefed and decided before briefing on the PI Motion.

14. "Courts . . . have broad discretion to manage the discovery process, and can expedite or otherwise alter the timing and sequence of discovery." *Vision Films, Inc. v. John Does 1-24*, 2013 WL 1163988, at *2 (D. Del. Mar. 20, 2013) (employing a reasonableness test to grant expedited discovery in a copyright infringement action), *citing Kone Corp. v. Thyssenkrupp USA, Inc.,* 2011 WL 4478477, at *4 (D. Del. Sept. 26, 2011). "Federal courts are also specifically authorized, if circumstances warrant, to shorten the time for responses to interrogatories and requests for production of documents, and to permit early depositions." *Kone Corp.*, 2011 WL 4478477 at *3 (permitting limited expedited discovery in connection with a pending motion for preliminary injunction).

15. Defendants' proposed schedule is reasonable, efficient and consistent with the expedited nature of the PI Motion in that it provides for discovery to be completed in less than 30 days. While that discovery is underway, the parties will brief Defendants' MTD. If that MTD is

granted, then the Court will not have to adjudicate Plaintiff's PI Motion and the parties will not need to engage in any further briefing relating thereto. If, however, the MTD is denied, then the foregoing proposed schedule allows for the PI Motion to be briefed, heard and decided by the Court by the middle of May.

16. Defendants represent that Lumenier will not make any deliveries of its light show drone to customers prior to May 20, 2023. Therefore, Plaintiff will not be prejudiced in any way by this schedule. Plaintiff, however, rejected this accommodation without explaining how Plaintiff would be prejudiced given the fact that there will be no deliveries made to customers during this proposed schedule.

17. Plaintiff and Defendants agree that some discovery is required in connection with the PI Motion. They disagree, however, as to the nature of the discovery that should be allowed. Plaintiff asserts that the only fact issue for the PI Motion is the similarity of the Pixis drone to the Lumenier drone. Thus, Plaintiff believes that the only relevant discovery is a production of the drones for examination and the production of certain design documents relating to the drones. Plaintiff has refused to allow its declarants to be subject to cross examination on their lengthy and self-serving declarations.

18. Defendants seek the deposition of Mr. Guy, one of the declarants, because of the assertions in his declaration (D.I. 20) as to the similarities between the Pixis and Lumenier drones. The conclusions he draws regarding similarity are at best questionable and he should be forced to explain them. And, Defendants should be allowed to obtain all documents relating to the identity of the drones at issue, not merely the cherry-picked documents appended by the Plaintiff to the PI Motion. In particular, it is known that Plaintiff was shopping around for a manufacturer of light

show drones before finally contracting with Lumenier and such communications should be revealing as to the similarity issue. All such documents should be made available.

19. Although similarity of the drones is one fact issue in the PI Motion, it is not the only one. Plaintiff has asserted in its PI Motion that it will be irreparably harmed by the sale of Lumenier light show drones because it will lose a "first mover advantage" with respect to using such drones in actual shows. There is no reference in any of the contractual documents to such a "first mover advantage." Rather, it is asserted by Mr. Nierenberg, one of Plaintiff's declarants as being understood by the parties (D.I. 19). Mr. Nierenberg also makes factual assertions not supported by the contractual documents as to the parties' respective performances under the contract. Defendants should be allowed to question Mr. Nierenberg on these important factual issues in the PI Motion. And, all documents relating to these issues should be produced by Plaintiff.

## STATEMENT OF COMPLIANCE WITH D. DEL. LR 7.1.1

20. Pursuant to D. Del. LR 7.1.1, counsel for Defendants certify that a reasonable effort has been made to reach agreement with Plaintiff on the matters set forth in this motion, including a telephonic meet and confer session with the parties' lead counsel and Delaware counsel and follow-up emails on March 20 and 21. However, the parties have not been able to reach agreement on the matters set forth herein.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an Order in the form annexed hereto, permitting expedited discovery and setting a coordinated briefing schedule on Plaintiff's PI Motion and Defendants' MTD.

Dated: March 22, 2023

Bonita L. Stone (*admitted pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL  60661-3693
Tel. (312) 902-5200

Terence P. Ross (*admitted pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
2900 K Street NW
North Tower – Suite 200
Washington, DC  20007-5118
Tel. (202) 625-3676

**KLEHR HARRISON
HARVEY BRANZBURG LLP**

/s/ David S. Eagle
David S. Eagle (Bar No. 3387)
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 552-5518
deagle@klehr.com

*Attorneys for Defendants Lumenier LLC and Lumenier Holdco LLC*